IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRUCE A. THOMAS,** ) | |
|     Plaintiff ) | Civil Action No. 15-209 |
| ) | |
| v. ) | Magistrate Judge Baxter |
| ) | |
| **FEDERAL BUREAU OF PRISONS, et al,** ) | |
|     Defendants. ) | |

# OPINION[1]

**SUSAN PARADISE BAXTER,** United States Magistrate Judge:

    A.    **Relevant Procedural and Factual History**

Bruce A. Thomas ("Plaintiff") initiated this *pro se* action on August 19, 2015, by submitting for filing a motion for leave to proceed *in forma pauperis* accompanied by a complaint, and naming as Defendants the Federal Bureau of Prisons ("BOP") and "Health Services *et al*." ECF No. 3. Plaintiff's complaint alleged that Defendants were deliberately indifferent to Plaintiff's pain and need for hernia care, and delayed necessary treatment during his incarceration at the Federal Correctional Institution, McKean ("FCI – McKean"). Defendants timely responded to Plaintiff's complaint with a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief could be granted. In particular, Defendants contended that while the legal basis of Plaintiff's precise claim was difficult to discern, Plaintiff is barred from recovery by his failure to properly exhaust

---

[1] The parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. *See* 28 U.S.C. § 636 *et seq*. (ECF Nos. 4, 23).

available administrative remedies prior to filing suit, his failure to bring suit against the appropriate parties and, to the extent he sought to bring a negligence claim with regard to medical care and treatment, his failure to file a Certificate of Merit as required by Pennsylvania state law. ECF Nos. 24, 25.

In response, Plaintiff filed a motion to amend his complaint and a "declaration" challenging Defendants' assertion that he failed to exhaust administrative remedies, attaching correspondence indicating that the United States Department of Justice received his "administrative tort claim" on September 22, 2014.[2] ECF No. 30-1 p. 7.

The Court granted Plaintiff's motion, and Plaintiff filed his amended complaint on January 3, 2017, more than two and one-half years after his hernia repair surgery. ECF Nos. 40, 41. The amended complaint brings new claims under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and names four new defendants, including the "United States, et al," as "over seer of Federal Bureau of Prisons;" Dr. Michael Walt, D.O., Clinical Director at FCI – McKean; and Diane Kengersky, a physician assistant employed at FCI – McKean (collectively, with the BOP and FCI – McKean Health Services, the "Federal Defendants"). Plaintiff also named as a defendant Dr. Nathaniel Graham, "a surgeon for Bradford Regional Medical Center."[3] ECF No. 41, pp. 1-3.

---

[2] Based upon the correspondence submitted, Plaintiff's claim was considered for settlement pursuant to the Federal Tort Claims Act (FCTA), 28 U.S.C. § 2672, and was denied on March 24, 2015. ECF No. 30-1, p. 8.

[3] Counsel for the Federal Defendants confirms that Dr. Nathaniel Graham is not a federal employee, and is currently unrepresented in this matter. *See*, ECF No. 47, n.1. The Court notes that Plaintiff has failed to direct service of the complaint to Dr. Graham, and that more than 90 days have passed since the filing of Plaintiff's amended complaint and since the filing of Defendants' response confirming Dr. Graham's unrepresented and unrelated status. As a result, in accordance with Rule 4(m), the Court will direct Plaintiff to show cause within twenty (20) days why Dr. Graham should not be dismissed from this action. In issuing the Order, the Court is cognizant of the fact that Plaintiff joined Dr. Graham as a defendant in this action at a time beyond the expiration of all applicable statutes of limitations for any alleged negligence, and that this delay may negatively impact the viability of any claim asserted by Plaintiff against him. *See, e.g., Singletary v. Pennsylvania Dep't of Corr.*, 266 F.3d 186, 203 (3d Cir. 2001).

Through his amended complaint, Plaintiff alleges that he received inadequate care and delayed surgical treatment for a hernia, which has resulted in continuing pain. ECF No. 41, p. 4. Plaintiff contends that the treatment delay was the result of deliberate indifference on the part of the individual defendants, or the result of policies and procedures promulgated by the United States or the Bureau of Prisons. Plaintiff seeks compensatory damages, a change in prison medical policies, and continued care and pain management.

The Federal Defendants now move for the dismissal of the amended complaint or, alternatively, the entry of summary judgment in their favor, citing *inter alia*: (1) the application of sovereign immunity as a bar to Plaintiff's *Bivens* claims against the United States and its agencies; (2) Plaintiff's failure to exhaust administrative remedies through the prison grievance process as a bar to his *Bivens* claims against all individual Federal Defendants; and, (3) the absence of any evidence of deliberate indifference to Plaintiff's serious medical condition.[4]

The Court ordered Plaintiff to respond to Defendants' motion, and advised Plaintiff of the Court's intention to consider Defendants' alternative request for entry of summary judgment

---

[4] Because of the disposition of issues related to sovereign immunity, exhaustion of administrative remedies, and state law pleading requirements, the Court need not reach Defendants' arguments related to the absence of evidence of deliberate indifference. However, for purposes of completeness, and as relevant to Plaintiff's motion for the appointment of a medical expert, the Court has reviewed Plaintiff's medical records and the declaration of FCI-McKean Clinical Director Dr. Michael J. Walt. ECF No. 47-4 – 47-7. These records indicate that Plaintiff was under the continued care of prison and outside medical providers beginning with his first hernia-related complaint at FCI – McKean in September 2013. Plaintiff's medical records show that prison medical providers initially determined that his condition did not require immediate surgical intervention, and that he could be treated effectively with continued monitoring, a hernia belt, anti-inflammatories and pain medication. ECF No. 47-5. In November 2013, surgery was deemed non-emergent but necessary because of a change in the size of the hernia. A preoperative exam revealed that Plaintiff was suffering active hyperthyroidism, a condition that could pose complications from anesthesia. Plaintiff was retested in January to confirm his hypothyroid status, and then scheduled for nuclear radiology exams to determine the cause. These studies were completed in April 2014, and a benign nodule was identified. It was determined that the nodule would not present an additional risk to Plaintiff and surgical repair of his hernia was scheduled for May 8, 2014. In the intervening time period, there was no change in Plaintiff's condition, and surgery remained non-emergent. After surgery, Plaintiff experienced scrotal swelling and a hematoma at the surgical site. The hematoma was drained, and as noted by Dr. Walt, such a condition can be expected to normally occur with hernia repairs. In 2015, Plaintiff was diagnosed with epididymitis (inflammation of the testicle), but Dr. Walt indicates that this is a condition wholly unrelated to his hernia or its repair. *Id.*

pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 49. *Renchenski v. Williams*, 622 F.3d 315, 340 (3d Cir. 2010).

In response, Plaintiff has filed a "Declaration" with an amendment to his claims. Plaintiff seeks to reassert a claim pursuant to the FTCA against certain Federal Defendants, and to preserve his *Bivens* claim against all individual defendants. Plaintiff has also filed a motion for the appointment of counsel and the appointment of a medical expert, for purposes of preparing a Certificate of Merit. ECF Nos. 51, 56.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. *Erickson v Pardus*, 551 U.S. at 93-94. A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To assess the sufficiency of a complaint under *Twombly* and *Iqbal*, a court must: "First, … 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second … identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'"

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011)(internal quotation marks omitted)(quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

**2. Summary Judgment**

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When applying this standard, the court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

The moving party has the initial burden of proving the absence of evidence supporting the non-moving party's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986); *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007); *UPMC Health System v. Metropolitan Life Ins. Co.*, 391 F.3d 497, 502 (3d Cir. 2004). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e); *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance – which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. *Celotex*, 477 U.S. at 322. *See also Saldana v. Kmart Corp.*, 260 F.3d 228, 232 (3d Cir. 2001).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are

any disputed issues and, if there are, whether they are both genuine and material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

### 3. *Pro Se* Pleadings and Filings

*Pro se* pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969) (A petition prepared by a prisoner ... may be inartfully drawn and should be read "with a measure of tolerance"); *Freeman v. Department of Corrections*, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997) (*overruled on other grounds*). *See, e.g., Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (discussing *Fed.R.Civ.P. 12(b)(6)* standard); *Markowitz v. Northeast Land Company*, 906 F.2d 100, 103 (3d Cir. 1990) (same).

When considering a motion for summary judgment, however, the traditional flexibility toward *pro se* pleadings does not require the Court to indulge evidentiary deficiencies. *See Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 249 (3d Cir. 2013) *citing Brooks v. Kyler*, 204 F.3d 102, 108 n. 7 (3d Cir.2000) (indicating that *pro se* litigants still must present at least affidavits to avoid summary judgment). Accordingly, because Plaintiff is a *pro se* litigant, this Court will consider the facts and make inferences where it is appropriate.

### C. Discussion

### 1. Plaintiff's Motion for Counsel and Appointment of Medical Expert

Presently before the Court is Plaintiff's Motion for Appointment of Expert Witness and Counsel, ECF No. 56, in which Plaintiff indicates that he requires a medical expert to prepare a Certificate of Merit in order to pursue a medical negligence claim against Defendants. In addition, for the fifth time in this action, Plaintiff seeks the appointment of counsel.

With regard to the appointment of a medical expert, the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, which governs proceedings *in forma pauperis* such as this, does not provide for the appointment of medical personnel or any other individual to assist a plaintiff in the prosecution of his or her case. *Hodge v. U.S. Dep't of Justice*, 372 F. App'x 264, 268 (3d Cir. 2010) ("District Court also properly denied Hodge's motion for a government funded medical expert because the court lacked authority to grant the request. *See Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir.1987) (finding no authority for court to pay for indigent plaintiff's expert witnesses)."; *Hakeem v. Salaam,* 260 F. App'x 432, 435 (3d Cir. 2008)(holding District Court did not err in denying prisoner's motion for appointment of a medical expert: "In *Boring v. Kozakiewicz*, we held that there is no statutory authority for payment of expert witness fees in civil suits for damages.").

As succinctly stated by the District Court for the Middle District of Pennsylvania:

> 28 U.S.C. § 1915[ ] contains no provision authorizing the Court to order private litigants to receive the assistance of investigators or medical expert witnesses at no cost . . . . [A] review of case law construing § 1915 reveals that numerous courts have recognized the limitations of federal courts to relieve indigent litigants from the costs of litigating civil claims, and have repeatedly rebuffed efforts by *pro se* litigants to shift those costs to the public. *See, e.g .*, *Brooks v. Quinn,* 257 F.R.D. 515, 417 (D. Del. 2009) ("Although plaintiff is proceeding *in forma pauperis*, the court has no authority to finance or pay for a party's discovery expenses.... It is plaintiff's responsibility to pay for the costs associated with the taking of a deposition."); *Augustin v. New Century TRS Holding, Inc.,* No. 08–326, 2008 U.S. Dist. LEXIS 96236, at *7–9 (W.D. Pa. Nov. 25, 2008) (denying

7

> plaintiff's IFP application to cover costs for discovery requests); *Badman v. Stark,* 139 F.R.D. 601, 605 (M.D. Pa.1991) (28 U.S.C. § 1915 does not require the government to advance funds for deposition expenses); *Toliver v. Community Action Comm'n to Help the Econ.,* 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for IFP plaintiff); *Sturdevant v. Deer,* 69 F.R.D. 17, 19 (E.D. Wis.1975) (concluding that 28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition"); *Ebenhart v. Power,* 309 F. Supp. 660, 661 (S.D.N.Y.1969) ("Grave doubts exist as to whether [28 U.S.C. § 1915] authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery"); *see also Tabron v. Grace,* 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant").

*Victor v. Fowler*, 2011 WL 722387, at *1 (M.D. Pa. Feb. 18, 2011). As such, Plaintiff's motion for appointment of a medical expert, ECF No. 56, is denied.

In addition, Plaintiff has renewed his motion for the appointment of counsel. However, it does not appear that Plaintiff is adding any new averments to those set forth in his previous motions (ECF Nos. 8, 28, 37, and 43), nor has he offered the Court any basis for exercising its discretion that has not already been considered.

Therefore, for the reasons set forth in the Court's Memorandum Order dated September 16, 2015, and because consideration of the factors set forth in <u>Tabron v. Grace</u>, 6 F.3d 147 (3d Cir. 1993), does not warrant the appointment of counsel in this instance, the Court declines to exercise its discretion and request counsel to represent plaintiff in the prosecution of this action. *See Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997).

### 2. Defendants' Motion to Dismiss/Summary Judgment

Plaintiff has filed a Declaration, wherein he appears to concede that he failed to exhaust any *Bivens* claims, stating, "I would like to change this claim to a Federal Tort Claim if it's

8

correcting the lack of subject matter jurisdiction through my motion to amend." ECF No. 51, p. 2. Plaintiff adds, "if necessary, .... I can use the *Bivens* against the named *individual defendants* due to me exhausting administrative remedies." *Id*. (emphasis in original). Accordingly, the Court will consider Defendants' motion to dismiss or, in the alternative, motion for summary judgment as to both Plaintiffs' *Bivens* claims, and those claims asserted under the FTCA.

### *a.* *Bivens* **Claims – Sovereign Immunity**

Defendants argue that Defendants United States, BOP, and FCI-McKean are not proper defendants in a *Bivens* action and should be dismissed from this case. The Court agrees.

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983) *citing United States v. Sherwood*, 312 U.S. 584, 586 (1941). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) *citing Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Federal Housing Admin. v. Burr*, 309 U.S. 242, 244 (1940). "A plaintiff attempting to sue any government agency, such as the Federal Bureau of Prisons or a specific prison, 'may not rely on the general federal question jurisdiction ... but must identify a specific statutory provision that waives the government's sovereign immunity.'" *Manns v. Bureau of Prisons*, 2006 WL 3813926, at *2 (W.D. Pa. Dec. 26, 2006) *quoting Clinton County Commissioners v. United States Environmental Protection Agency*, 116 F.3d 1018, 2021 (3d Cir. 1997).

*Bivens* does not act as a waiver of the Federal Government's sovereign immunity, and *Bivens* actions against federal entities are routinely dismissed for lack of subject-matter jurisdiction. *See, e.g., Kearse v. Bureau of Prisons*, 2006 WL 2405721, at *3 (W.D. Pa. Aug. 18, 2006); *Johnstone v. United States*, 980 F. Supp. 148, 151 (E.D. Pa. 1997) (explaining that *Bivens*

actions "may only be maintained against federal officers; sovereign immunity bars such actions against the United States or agencies thereof"). Accordingly, Plaintiff's *Bivens* claims against Defendants United States, BOP, and FCI-McKean are dismissed from this case for lack of jurisdiction.

### b. *Bivens* claims – Individual Federal Defendants and Exhaustion

Defendants also seek judgment in their favor as to Plaintiff's *Bivens* claims alleged against the individual Federal Defendants, Dr. Walt and PA Kengersky, for failing to exhaust available administrative remedies in accordance with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e. In particular, Defendants assert that Plaintiff's claim of deliberate indifference is barred by his failure to fully comply with and exhaust available prison administrative remedies capable of addressing his complaint. ECF No. 47, pp. 9-11. Plaintiff disputes this contention, pointing to his submission of an administrative tort claim to the Bureau of Prisons as constituting full and complete exhaustion. ECF No. 51, p. 4. However, as more fully set forth below, administrative exhaustion of a *Bivens* claim must occur through the prison grievance system, and not through the separate administrative process for submission of a claim under the FCTA.

The PLRA, 42 U.S.C. § 1997e(a) provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

*Id*.

As an initial matter, it is not a plaintiff's burden to affirmatively plead exhaustion. *Jones v. Bock*, 549 U.S. 199, 217 (2007) ("... failure to exhaust is an affirmative defense under the PLRA, and … inmates are not required to specially plead or demonstrate exhaustion in their

10

complaints."). Instead, the failure to exhaust must be asserted and proven by the defendants. *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. *Porter v. Nussle*, 534 U.S. 516 (2002); *Concepcion v. Morton*, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. *Grimsley v. Rodriquez*, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997). The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. *Woodford v. Ngo*, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." *Id*. at 83; *see also Spruill v. Gillis*, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) (" Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps

11

settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

Analysis of exhaustion may not be made absent an understanding of the administrative process available to federal inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. at 218. *See also Spruill*, 372 F.3d at 231 (having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default.").

Under the Bureau of Prisons' regulations, an inmate must first attempt to informally resolve any dispute with institution staff. 28 C.F.R. § 542.13. If informal resolution fails, the inmate may raise his complaint to the Warden of the institution in which he is confined, within twenty calendar days of the date that the basis of the complaint occurred. 28 C.F.R. §§ 542.13, 542.14. If the Warden denies the administrative remedy request, the inmate may file an appeal with the Regional Director within twenty days of the date of the Warden's response. 28 C.F.R. §§ 542.14, 542.15. If the Regional Director denies the appeal, the inmate may appeal that decision to the General Counsel for the Federal Bureau of Prisons within thirty calendar days from the date of the Regional Director's response. *Id*.

The evidence of record establishes that Plaintiff filed four administrative remedy requests related to medical treatment, and one administrative tort claim pursuant to the FTCA. ECF No. 47-1. Each of Plaintiff's four requests for administrative remedy was denied at the institutional level, with three of the denials accompanied by explanations concerning his care. ECF Nos. 47-

1, 47-5. One request, No. 771839, was appealed to the regional level and then denied. Upon appeal to the national level, the request was rejected because Plaintiff failed to sign his appeal. Plaintiff was instructed that he could resubmit his appeal, but he failed to do so. ECF No. 47-1, ¶ 6. As such, the evidence of record demonstrates that Plaintiff failed to properly exhaust the prison administrative remedy process as to his claims against Defendants Walt and PA Kengersky.

Plaintiff has not produced any evidence to the contrary, as he must do in order to survive a well-supported motion for summary judgment. *Celotex*. Instead, Plaintiff counters that he exhausted all necessary remedies through the filing of an administrative tort claim. *See* ECF No. 30-1, p. 4; ECF No. 51, p. 4. Such an argument lacks merit. The case law clearly establishes that the PLRA's exhaustion requirement is not met by exhausting an FTCA claim. *Ramos v. Hawk-Sawyer*, 212 F. App'x. 77, 79 (3d Cir. 2006) (administrative tort claim filed by federal inmate did not satisfy administrative exhaustion requirement of PLRA for *Bivens* claims against prison officials); *Powell v. Wright*, 2017 WL 750483, at *6 (W.D. Pa. Feb. 24, 2017). Accordingly, because Plaintiff's resort to the FTCA exhaustion procedures is not sufficient to exhaust administrative remedies pursuant to the PLRA for purposes of filing a *Bivens* claim, Defendants' motion for summary judgment is granted as to Plaintiff's deliberate indifference claims.

### c. FTCA Jurisdiction – Individual Defendants

To the extent Plaintiff now seeks to reassert FTCA claims against any individual defendant, *see,* Declaration, ECF No. 51, p. 2, such claims are also barred. The FTCA provides a limited waiver of sovereign immunity for certain torts committed by federal employees; however, the United States is the only proper defendant in an action brought under the FTCA. 28 U.S.C. § 2679; *see, e.g., Good v. Ohio Edison Co.*, 149 F.3d 413, 418 (6th Cir.1998); *Kennedy v.*

*United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir.1998); *Mars v. Hanberry*, 752 F.2d 254, 255 (6th Cir.1985). Thus, Plaintiff's FTCA claims against individual Federal Defendants Walt and PA Kengersky are dismissed.

### *d.* **Certificate of Merit**

Plaintiff's initial complaint against the BOP and Health Services (FCI McKean) appeared to assert a claim regarding delayed hernia care under the FTCA, which Defendants addressed through their motion to dismiss filed March 6, 2016. ECF No. 3, p. 3, ECF No. 25. Defendants argued that Plaintiff was precluded from proceeding with his FTCA claim because he failed to file a Certificate of Merit as required by Pennsylvania law. ECF No. 25, p. 13. Although he has not yet filed a Certificate of Merit, Plaintiff now declares that through his operative (amended) complaint, he is asserting a negligence claim pursuant to the FTCA against certain of the Federal Defendants regarding the propriety of his medical care. ECF No. 51.

As a federal district court addressing an FTCA action, we must apply the law of the state, in this case Pennsylvania, in which the alleged tortious conduct occurred. Pennsylvania Rule of Civil Procedure 1042.3 mandates the filing of a certificate of merit in professional negligence claims within 60 days of the filing of a complaint. This requirement has been held as substantive law to be applied by federal courts. *See Liggon-Redding v. Estate of Sugarman,* 659 F.3d 258, 265 (3d Cir. 2011). Thus, in order to present a *prima facie* case of negligence under Pennsylvania state law against a medical professional related to care provided, a plaintiff has the burden of presenting expert testimony by an appropriate licensed professional who can testify to a reasonable degree of medical certainty that the actions or omissions of the defendant deviated from acceptable medical standards, and that any alleged deviation constituted a substantial factor in causing the Plaintiff's injury. This requirement is mandatory and applies to incarcerated and

*pro se* plaintiffs. *Crawford v. McMillan*, 660 F. App'x 113, 116 (3d Cir. 2016)(failure to comply with Rule 1042.3 of the Pennsylvania Rules of Civil Procedure is fatal to prisoner's claims of malpractice and professional negligence).

In this matter, Plaintiff has been aware of the requirement for a Certificate of Merit since at least March 2016, when Defendants first raised the omission as grounds for dismissal. Because Plaintiff has not submitted a proper Rule 1042.3 certificate of merit within 60 days of the filing of his "declaration," it is appropriate for this court to dismiss any FTCA medical malpractice/negligence claims. *See Hodge v. U.S. Dep't of Justice*, 372 F. App'x 264, 267 (3d Cir. 2010)(dismissal appropriate where plaintiff fails to submit certificate of merit, in its absence, FTCA claim fails as a matter of law). See also *Osorio v. United States*, 2007 WL 2008498 *2 (W.D. Pa. July 5, 2007); *Peraza v. Helton*, 2016 WL 6442254, at *6–7 (M.D. Pa. Nov. 1, 2016).

### D. Conclusion

For each of the reasons set forth above, Plaintiff will be ordered to show cause why Defendant Nathaniel Graham has not been served, despite the expiration of well over 60 days since the filing of Plaintiff's amended complaint identifying Dr. Graham as a defendant, and the Federal Defendants' confirmation of Dr. Graham's unrelated and unrepresented status. In addition, Plaintiff's motion for appointment of counsel and medical expert, ECF No. 56, is denied. Finally, Defendants' motion to dismiss or, in the alternative, motion for summary judgment is granted as to Plaintiff's *Bivens* and FTCA claims asserted against all Federal Defendants. An appropriate order follows.

/s/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
U.S. Magistrate Judge

cc:     All counsel of record via CM/ECF

        Bruce A. Thomas
        09349028
        Butner Federal Medical Center
        Inmate Mail/Parcels
        PO Box 1500
        Butner, NC 27509