# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE A. THOMAS,  )<br>    Plaintiff  )<br>)<br>vs.  )<br>)<br>FEDERAL BUREAU OF PRISONS, et al,  )<br>    Defendants.  ) | C.A.No. 15-209ERIE<br><br>District Judge Baxter |

## **MEMORANDUM OPINION**

United States District Judge Susan Paradise Baxter[1]

Presently pending before this Court is the motion to dismiss of Defendant Dr. Graham, a surgeon at Bradford Regional Medical Center. ECF No. 76. Plaintiff's claims against Dr. Graham are time barred by the statute of limitations and do not relate back to the filing of the original complaint.

### A. Relevant Procedural History

Bruce A. Thomas ("Plaintiff") initiated this *pro se* action on August 19, 2015, by submitting for filing a motion for leave to proceed *in forma pauperis* accompanied by a complaint, and naming as Defendants the Federal Bureau of Prisons ("BOP") and "Health Services *et al*." ECF No. 3. Plaintiff's complaint alleged that Defendants Bureau of Prisons and

---

[1] Although the parties consented to having a United States Magistrate Judge exercise jurisdiction over this matter [ECF No. 4; ECF No. 23; ECF No. 85], United States Magistrate Judge Susan Paradise Baxter was recently elevated to the position of United States District Judge and this case has not been reassigned.

1

Health Services were deliberately indifferent to Plaintiff's pain and need for hernia care, and delayed necessary treatment during his incarceration at the Federal Correctional Institution, McKean ("FCI – McKean"). In his original complaint, Plaintiff stated that the date of the event at issue was September of 2013 and then made the following factual allegations, in their entirety:

1) Federal Bureau of Prisons delayed my treatment due to bureaucracy which caused farther [sic] injury and pain and suffering which is presently still occurring in the general area of the hernia surgery.

2) Health Services et al, delayed treatment because of abuse of policy, for requirement, of surgery. That I had already been accepted to get surgery around November 2013. Date of request [sic] Attachments included.

3) In reference to above 1, and 2, delay of medical care; not that treatment was denied, but the length of time denied due to policy on approval and time executed.

ECF No. 1-1, pages 2-3. As relief, Plaintiff sought $30,000.00, and to have the "ongoing pain corrected and a policy change." Id.

Defendants timely responded to Plaintiff's complaint with a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief could be granted. In particular, Defendants argued that while the legal basis of Plaintiff's precise claim was difficult to discern, Plaintiff was barred from recovery by his failure to properly exhaust available administrative remedies prior to filing suit, his failure to bring suit against the appropriate parties, and, to the extent he sought to bring a negligence claim with regard to medical care and treatment, his failure to file a Certificate of Merit as required by Pennsylvania state law. ECF No. 24; ECF No. 25.

In response, on March 29, 2016, Plaintiff filed a motion to amend his complaint. Instead of including a proposed amended complaint with his motion, Plaintiff attached a "declaration" in which he sought leave to name several individuals, including Dr. Nathanial Graham, as

2

Defendants to this action. ECF No. 30-1. Plaintiff claimed that he brought his medical concerns to the attention of Bureau of Prisons staff as early as 2013 during his stay at FCI Terra Haute and at an unnamed facility in Oklahoma. By the time he arrived at FCI McKean in September 2013, Plaintiff claims his hernia was obvious. Plaintiff provided no factual allegations against Dr. Graham and did not describe Graham's involvement in any alleged negligence or constitutional violation. Plaintiff's only mention of the hernia surgery itself indicated that Plaintiff contracted an epididymitis infection "thru surgery." ECF No. 30-1, page 3.

The Court granted Plaintiff's motion to amend and directed Plaintiff to file an amended complaint which was filed on January 3, 2017 (more than two and one-half years after his hernia repair surgery). ECF No. 40; ECF No. 41. The amended complaint specifically advanced new claims under <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), and named four new defendants, including the "United States, et al" as "over seer of Federal Bureau of Prisons;" Dr. Michael Walt, D.O., Clinical Director at FCI – McKean; Diane Kengersky, a physician assistant employed at FCI – McKean (collectively, with the BOP and FCI – McKean Health Services, the "Federal Defendants"); and Dr. Nathaniel Graham, "a surgeon for Bradford Regional Medical Center." ECF No. 41.

Through his amended complaint, Plaintiff alleges that he received inadequate medical care and delayed surgical treatment for a hernia, which resulted in continuing pain. ECF No. 41. Plaintiff contends that the treatment delay was the result of deliberate indifference on the part of the individual defendants, or the result of policies and procedures promulgated by the United States or the Bureau of Prisons. As to Defendant Graham, Plaintiff's allegations went beyond those in the Declaration attached to the motion to amend. Plaintiff alleged that although Graham

3

recommended hernia repair surgery as early as November 2013, Graham did not perform surgery until the following May and "in which time [Plaintiff] endured a second hernia and due to surgical complications [Plaintiff] hemotosed" resulting in ongoing pain and medical problems. ECF No. 41, pages 3-4.

By Memorandum Opinion and Order dated August 28, 2017, this Court granted the dispositive motion of the Federal Defendants. ECF No. 58. Furthermore, this Court directed that Plaintiff show cause why Dr. Graham should not be dismissed from this action due to Plaintiff's failure to prosecute the action against him. Id. Plaintiff showed cause for his failure to serve Graham and, thereafter, he was allowed to redirect service on Dr. Graham. Dr. Graham was served around November 15, 2017.

Presently pending before this Court is Dr. Graham's motion to dismiss. ECF No. 76. The Court ordered Plaintiff to respond to Defendant's motion, and advised Plaintiff of the Court's intention to consider Defendant's alternative request for entry of summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 78, citing Renchenski v. Williams, 622 F.3d 315, 340 (3d Cir. 2010). In response to Defendant's motion to dismiss, Plaintiff filed an opposition brief [ECF No. 79], a proposed amended complaint [ECF No. 82], and a brief in support of his proposed amended complaint [ECF No. 83]. Defendant has filed a reply brief. ECF No. 83.

### B. Standards of Review

#### 1) *Pro se* Litigants

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in the complaint as true and take them in the light most favorable to the *pro se* plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93 (2007); Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 556 (2007). "Factual allegations must be enough to raise a right to relief above a speculative level." Id. at 555. The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (internal citation omitted). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) citing Papasan v. Allain, 478 U.S. 265, 286 (1986). Additionally, a civil rights claim "must contain specific allegations of fact which indicate a deprivation of constitutional rights; allegations which are nothing more than broad, simple and conclusory statements are insufficient to state a claim under § 1983." Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520-521 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). In a §1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (internal quotation omitted). See also Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to

relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim.

### 2) Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469,

at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

The Third Circuit has expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### C. Plaintiff's Allegations against Defendant Graham

The operative complaint is docketed at ECF No. 41 and was filed on January 3, 2017. In his Amended Complaint, Plaintiff makes very few factual allegations against Dr. Graham.

Plaintiff describes Dr. Graham as a surgeon at Bradford Regional Medical Center who "held the position of surgeon contract with prison FCI McKean." ECF No. 41, page 3. Dr. Graham recommended surgery for Plaintiff "as early as November but didn't proform [sic] it until May in which time I endured a second hernia and due to surgical complications I hemotosed [sic] and now still have ongoing pain and problems that are for a life time." Id. at 4.

Plaintiff alleges that Defendant Graham was deliberately indifferent towards him, violating his constitutional rights and that Graham's actions "constituted delayed care, cruel and unusual punishment under the Eighth Amendment of the United States Constitution." Id. at 6.

### D. Statute of limitations

Defendant Graham moves to dismiss all claims against him based on the time bar of the statute of limitations.

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. Sameric Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998) (internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two-year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a § 1983 claim must be filed no later than two years from the date the cause of action accrued. See Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000) ("Thus, for § 1983 and § 1985 actions originating in Pennsylvania, we look to 42 Pa.C.S. § 5524 and § 5533."); Quelet v. Smith, 2014 WL 199009, at *5 (M.D. Pa. 2014) citing 42 Pa.Cons. Stat. § 5524(2) ("In Pennsylvania, the statute of limitations for a negligence claim is two years."). Furthermore, a claim under § 1983 accrues when the plaintiff "knew or should have known of the injury upon which [his] claim is based." Sameric, 142 F.3d at 599.

The surgery which is the basis of the claim against Dr. Graham was performed in May 2014. Accordingly, the statute of limitations on any negligence or deliberate indifference claim

8

arising out of the surgery expired in May of 2016. Thus, Plaintiff's claims against Defendant Graham are time barred by the statute of limitations unless they "relate back" to the filing of the original complaint.

Rule 15(c) of the Federal Rules of Civil Procedure directs relation back of amendments and parties and provides, in pertinent part, as follows:

> (1) **When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
>
> * * *
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; **and**
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the identity of the proper party's identity.

Id. (emphasis added).

Generally speaking, Plaintiff's claims against Defendant Graham arise out of the same conduct or occurrence set forth in the original complaint, i.e., the circumstances surrounding the delay in Plaintiff's hernia repair surgery, as well as the surgery itself. However, because Graham was brought into the litigation by amendment, Rule 15(c) requires that: (i) he must have received notice of the commencement of the litigation within 90 days and (ii) he knew or should have

9

known that he was intended to be named as a party to the lawsuit. Both of these requirements must be met before Plaintiff's claims against Defendant Graham can be found to relate back to the filing of the original complaint.

Plaintiff does not claim, nor is there any evidence that, Defendant Graham received actual notice of the filing of the original complaint within 90 days of its filing (or 90 days from August 19, 2015). However, the notice required by Rule 15(c)(1)(C) may be imputed. "[N]otice may be deemed to have occurred when a party who has some reason to expect his potential involvement as a defendant learns of the commencement of litigation through some informal means." Singletary v. Pa. Department of Corrections, 266 F.3d 186, 195 (3d Cir. 2001). The two principle tests for such imputed knowledge are the "shared attorney" and "identity of interest"[2] methods (Id. at 196-200), neither of which are relevant here.

To satisfy the second requirement of Rule 15(c), "the plaintiff must demonstrate that a mistake concerning the *identity* of the proper party existed at the time the complaint was filed." Schach v. Ford Motor Co., 210 F.R.D. 522, 527 (M.D. Pa. 2002) (emphasis in original) citing Nelson v. County of Allegheny, 60 F.3d 1010, 1014 (3d Cir. 1995). Here, Plaintiff has not asserted any mistake as to the identity of Defendant Graham at the time he filed his original complaint. Nothing prevented Plaintiff from naming Defendant Graham as a Defendant in the original complaint, and asserting the claims against him. Instead, Plaintiff chose to focus his legal claims around the delay of the hernia repair surgery, rather than the surgery itself. At the

---

[2] See Benussi v. Luzerne County, 2018 WL 4110559, at *6 (M.D. Pa. Aug. 29, 2018) ("Although the Third Circuit has not directly addressed whether a contract between a prison and an independent medical provider creates an identity of interest, the weight of analogous authority suggests it does not.").

10

time of the filing of the original complaint, Plaintiff knew the identity of the doctor who performed the surgery. Indeed, Plaintiff attached medical records of the surgery containing Dr. Graham's notes to the original complaint. See ECF No. 3-1, pages 1-6.

Based on the foregoing, the claims against Defendant Graham set forth in the first amended complaint, as well as those set forth in the proposed second amended complaint, do not relate back to the date of the filing of the original complaint in this matter. Since both the first amended complaint and the proposed second amended complaint were filed well after the expiration of the two-year statute of limitations, the claims against Defendant Graham are time-barred and will be dismissed.[3]

---

[3] In the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97 (1976). Deliberate indifference is generally not found when some level of medical care has been offered to the inmate. Clark v. Doe, 2000 WL 1522855, at *2 (E.D. Pa. Oct. 13, 2000) ("courts have consistently rejected Eighth Amendment claims where an inmate has received some level of medical care"). Mere misdiagnosis or negligent treatment is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993) (citations omitted). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 7545, 762 (3d Cir. 1979).

Here, in a previous opinion analyzing Plaintiff motion for the appointment of a medical expert, this Court reviewed Plaintiff's medical records, along with the sworn Declaration of FCI-McKean Clinical Director Dr. Michael J. Walt. ECF No. 47-4 – 47-7. These records indicate that Plaintiff received medical treatment for his hernia-related complaints during the relevant time frame. Plaintiff's medical records show that prison medical providers initially determined that his condition did not require immediate surgical intervention, and that he could be treated effectively with continued monitoring, a hernia belt, anti-inflammatories and pain medication. ECF No. 47-5. In November 2013, surgery was deemed non-emergent but necessary because of a change in the size of the hernia. A preoperative exam revealed that Plaintiff was suffering active hyperthyroidism, a condition that could pose complications from anesthesia. Plaintiff was retested in January to confirm his hypothyroid status, and then scheduled for nuclear radiology

Plaintiff's argument that his motion to amend was filed within the statute of limitations period is not sufficient to overcome the time bar. Plaintiff's motion to amend was not accompanied by a proposed amended complaint. The Federal Rules of Civil Procedure do not contemplate relation back to overcome the time bar of the statute of limitations based on a motion to amend. Defendant Graham's motion to dismiss will be granted. An appropriate order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

Dated: September 27, 2018

---

exams to determine the cause. These studies were completed in April 2014, and a benign nodule was identified. It was determined that the nodule would not present an additional risk to Plaintiff and surgical repair of his hernia was scheduled for May 8, 2014. In the intervening time period, there was no change in Plaintiff's condition, and surgery remained non-emergent. After surgery, Plaintiff experienced scrotal swelling and a hematoma at the surgical site. The hematoma was drained, and as noted by Dr. Walt, such a condition can be expected to normally occur with hernia repairs. In 2015, Plaintiff was diagnosed with epididymitis (inflammation of the testicle), but Dr. Walt indicates that this is a condition wholly unrelated to his hernia or its repair. Id.